FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

02 SEP 23 AM 9: 56

U.S. DISTRICT COURT
N.D OF ALABAMA

|  |  |  |
|---|---|---|
| GWENDOLYN CARNETHON,<br>individually and as Personal<br>Representative of Ida B. Anderson,<br>deceased, | )<br>)<br>)<br>)<br>) |  |
|  | ) | Civil Action Number<br>**00-C-3004-W** |
| Plaintiff, | )<br>) |  |
| vs. | )<br>) | **ENTERED** |
| **JOHNSON MOBILE HOMES, INC.<br>AND JOE MANN,** | )<br>)<br>) | SEP 2 3 2002 |
| Defendants. | ) |  |

## MEMORANDUM OPINION GRANTING in PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT OR ADD A PARTY PLAINTIFF

In this case, Plaintiff Gwendolyn Carnethon, on behalf of her mother Ida Anderson, paid to Defendant Johnson Mobile Homes of Alabama ("JMHA") the sum of $8,000 as a downpayment on a mobile home. The mobile home was never delivered to the Plaintiff; and the $8,000 down payment was never refunded. Consequently, Plaintiff filed this case alleging seven causes of action: conversion (Count I), fraud (Count II), breach of oral contract (Count III), negligent/wanton processing of a loan application (Count IV), violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (Count V), negligent training and supervision (Count VI), and breach of trust (Count VII).

Defendants have moved for summary judgment. For the reasons that follow, the Court finds and concludes that the motion is due to be granted in part and denied in part.

## I. UNDISPUTED FACTS[1]

Ida Anderson was the mother of Plaintiff Gwendolyn Carnethon, Frederick Anderson, and Robert Anderson.  The three lived together in Mrs. Anderson's single family dwelling until it was destroyed by a tornado on March 20, 2000.  After quickly filing an insurance claim on the home, Mrs. Anderson received a check for $9,000.00 from the insurance company.  On behalf of her mother, Plaintiff set out to purchase a new home using the proceeds from the insurance payout.

On March 20, 2000, Plaintiff visited Defendant JMHA's lot in Northport, Alabama.  Plaintiff met with salesman William Christian and, together with her two brothers, selected a prefabricated home.  On March 27, 2000, Plaintiff returned to the lot and tendered to JMHA a check in the amount of $8,000.00 to serve as a deposit on the home.  JMHA'S preprinted form receipt states:

ACKNOWLEDGMENT

I acknowledge that my deposit applies to my down payment and is refundable only if my credit is turned down.

Christian explaining to plaintiff that, "they will keep your money if you get approved."  Christian also assured Plaintiff that if "for any reason the deal didn't go through, that [she] would get her check back, [her] money back." Plaintiff's Deposition ("PX"), p. 78.

Contemporaneous with the tender of the deposit, Plaintiff signed a "Purchase Agreement and Bill of Sale ('Purchase Agreement')."  Attached to the Purchase Agreement are "Additional

---

[1]These are the 'undisputed facts' for summary judgment purposes only.  They may not be the actual facts; but they are facts which a reasonable factfinder could reach, giving all favorable inferences to the party opposed to summary judgment. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994)." *Underwood v. Life Ins. Co. of Georgia*, 14 F.Supp. 2d 1266, 1267 n.1 (N.D. Ala. 1998).

Terms and Conditions;" item number five of which reads:

> Upon failure or refusal of the purchaser to complete said purchase within 30 days of contract date, or an agreed extension thereof for any reason (other than cancellation on account of increase in price) the cash deposit may have such portion of it retained as will reimburse the dealer for expense and other losses including attorney fees occasioned by purchaser's failure to complete said purchase.

After making the cash deposit and executing the Bill of Sale, Plaintiff sought to secure financing to pay the balance of the cost of the house ($17,941.60). Based on information provided by Plaintiff, Christian prepared a loan application for Mrs. Anderson, with Frederick Anderson acting a co-signor. Christian forwarded the loan application for processing to Johnson Mobile Homes of Meridian ("JMHM"), a related company. JMHM then forwarded the loan application to Conseco Finance Servicing Corporation ("Conseco").

The loan application of Ida Anderson and Frederick Anderson was denied by Conseco.

On March 29, 2000 Christian informed Plaintiff of the denial. Plaintiff then suggested that her other brother Robert attempt to secure the loan. Robert Anderson agreed to submit a new loan application to Conseco.

On April 4, 2000, the loan was approved for Robert Anderson and Ida B. Anderson.

Robert Anderson subsequently refused to proceed with the loan, ostensibly because he was getting married and moving into separate housing.

Conseco never approved a loan for Ida B. Anderson as the principal.

After Robert Anderson decided not to proceed with the loan, Plaintiff requested that the $8,000.00 deposit be refunded. Christian refused to refund the deposit.

At a subsequent point in time, Conseco revoked its approval of Robert Anderson's loan application because Robert would not be residing in the mobile home being sold. This revocation was not communicated to either Plaintiff or JMHA until after the commencement of this action.

Plaintiff's deposit has still not been refunded.

## II. DISCUSSION

### A. *The Fair Credit Reporting Act*

Plaintiff alleges that Conseco violated the FCRA by providing credit history information for her brother Robert Anderson after it no longer had a legitimate reason to do so. Since Conseco has been dismissed as a party by stipulation, the claim against Conseco is no longer a part of this case.

Plaintiff nonetheless contends that she has a viable FCRA claim against JMHA. While Robert Anderson may be entitled to pursue such a claim, this Plaintiff does not have standing to pursue his claim.[2]

Defendant is entitled to judgment as a matter of law on the FCRA claim.

### Supplemental Jurisdiction

A district court has discretion to dismiss state-law claims when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3). The district judge must decide whether continued exercise of supplemental jurisdiction for the state claims is

---

[2]On August 10, 2001, Plaintiff moved this Court to allow Robert Anderson to be added to this case a s a party plaintiff. *See* Doc. 29. The Court's Scheduling Order set the deadline for amending the Complaint or adding Parties as May 18, 2001. *See* Docs. 25, 27. Plaintiff concedes that her motion to add Robert Anderson as a Party Plaintiff is untimely, and, in the absence of a showing of good cause or to prevent manifest injustice under Federal Rules of Civil Procedure 15 or 16, is due to be denied.

There has been no such showing by Plaintiff.

appropriate. *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 685 (11th Cir.1995) (*per curiam*). InB.

*Supplemental Jurisdiction*

A district court has discretion to dismiss state-law claims when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3). The district judge must decide whether continued exercise of supplemental jurisdiction for the state claims is appropriate. *See L.S.T., Inc. v. Crow*, 49 F.3d 679, 685 (11th Cir.1995) (*per curiam*). In making that determination, the judge should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996). If the judge decides to dismiss these state-law claims, they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir.1999).

Generally, when a trial court dismisses all federal claims in a case prior to trial, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. *See*, *e.g.*, *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

However, this Court finds it prudent to retain jurisdiction over the state law claims remaining in the case. As the discovery deadline has long since passed and the eve of trial nears, judicial economy and the interests of justice are best served by the exercise of supplemental jurisdiction.

## C. *Conversion*

Genuinely disputed factual issues preclude the grant of summary judgment to JMHA on Plaintiff's conversion claim.

The complaint is silent on the participation *vel non* of Defendant Joe Mann in the alleged conversion, and the documents on file likewise do not show any participation by him. He is entitled to judgment as a matter of law on the conversion claim.

### D. *Fraud*

Genuinely disputed factual issues preclude the granting of summary judgment motion to JMHA on the fraud claim.

### E. *Breach of Verbal Agreement*

JCMA concedes that it is not entitled to summary judgment on the breach of contract claim.

It is for a factfinder to determine whether this alleged breach of contract is coupled with matters of mental concern or solicitude so as to justify an award of damages for mental distress.

### F. *Negligent Processing of a Loan Application*

Based on the undisputed facts, JMHA is entitled to judgment as a matter of law on this claim.

### G. *Negligent Training/Supervision*

Plaintiff claims that Defendant Joe Mann  negligently trained and/or supervised JMHA's employees, specifically with respect to JMHA's policies regarding down payments.

There is no factual support for this claim.  Therefore, Defendant Mann is entitled to judgment as a matter of law on this claim.

### H. *Breach of Trust*

Contrary to Plaintiff's implicit argument, JMHA was not under a legal obligation to refrain from depositing the $8,000.00 check.  Plaintiff's claim regarding the propriety of JMHA's refusal to return the deposit is subsumed in her breach of  contract claim, rather than the breach of trust

Page 6 of  8

claim.

JMHA is entitled to judgment as a matter of law on this claim.

## CONCLUSION

Defendant Joe Mann is entitled to judgment as a matter of law on the claim of negligent raining and/or supervision (Count VI), and all other claims asserted against him.

Defendant JMHA is entitled to judgment as a matter of law on the following claims: negligent processing of loan application (Count IV), violation of the Fair Credit Reporting Act (Count V), and breach of trust (Count VII).

JMHS's motion for summary judgment is due to be denied on the conversion (Count I), fraud (Count II), and breach of contract (Count III) claims.

These conclusions shall be embodied in a separate Order.

Done this _20th_ day of September, 2002.

_____
Chief United States District Judge
U.W. Clemon